UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA

In re: §
§
THOMPSON, SHERRY A. § Case No.: 10-82973
§
Debtor. §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on 07/22/2010. The undersigned trustee was appointed on 07/23/2010.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the Estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. §522, or have been or will be abandoned pursuant to 11 U.S.C. §554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of        $ 66,071.36[1]

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Disbursements paid by Special Administrator on behalf of Trustee at Settlement | $ 31,606.19 |
   | Payments made under an interim disbursement | 0.00 |
   | Administrative expenses | 260.00 |
   | Bank service fees | 142.88 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of | $ 34,062.29[2] |

The remaining funds are available for distribution.

---

[1] Pursuant to the terms of the Motion for Approval of Compromise and Settlement approved by the Bankruptcy Court on 07/22/2013, the Trustee was authorized to settle the lawsuit and the Special Administrator was approved to serve as the designated agent for the Trustee for the limited purpose of making the required settlement distributions, including payment of the approved professional fees and expenses to Special Counsel. As a result of the settlement, the Bankruptcy Estate was due to receive $66,071.36. The terms of the settlement provided that the designated Special Administrator would pay the amount of $31,606.19 in Special Counsel fees and expenses. This resulted in $34,465.17 in net proceeds that the Trustee received from the settlement. The amounts paid by the Special Administrator for the Trustee have been added into the Trustee's total receipts and disbursements, and have been included for the purpose of calculating Trustee compensation.

[2] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 10/24/2013 and the deadline for filing governmental claims was 10/24/2013. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 5,164.43. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 5,164.43, for a total compensation of $ 5,164.43 [3]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00, and now requests reimbursement for expenses of $ 454.63, for total expenses of $ 454.63 [3].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 01/22/2014           By:/s/TAZEWELL T. SHEPARD, TRUSTEE
                                    Trustee

---

[3] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

USBA Form 101-7-TFR (5/1/2011) *(Page: 2)*

Case 10-82973-JAC7    Doc 60    Filed 01/22/14    Entered 01/22/14 11:57:40    Desc Main
Document      Page 2 of 8

Case No: 10-82973  JAC  Judge: JACK A. CADDELL
Case Name: THOMPSON, SHERRY A.

For Period Ending: 01/22/14

Trustee Name: TAZEWELL T. SHEPARD, TRUSTEE
Date Filed (f) or Converted (c): 07/22/10 (f)
341(a) Meeting Date: 08/27/10
Claims Bar Date: 10/24/13

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Wachovia Savings | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 2. Furniture | 1,500.00 | 0.00 | DA | 0.00 | 0.00 |
| 3. 1999 Chevy Cavalier | 3,500.00 | 0.00 | DA | 0.00 | 0.00 |
| 4. 1998 Cadillac Deville (needs motor) | 1,600.00 | 0.00 | DA | 0.00 | 0.00 |
| 5. 1997 Buick Century | 2,287.50 | 0.00 | DA | 0.00 | 0.00 |
| 6. Lawsuit or Cause of Action (u)  Lawsuit re radiation case | 0.00 | 34,465.17 | | 34,465.17 | FA |

TOTALS (Excluding Unknown Values)   $8,887.50   $34,465.17                          $34,465.17   Gross Value of Remaining Assets
                                                                                                  $0.00
                                                                                    (Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

December 29, 2013 (KM) - CB sent the bankruptcy administrator's office a draft of the Final Report for review. CB will follow up on that and then file with the court.

Initial Projected Date of Final Report (TFR): 12/23/13     Current Projected Date of Final Report (TFR): 12/23/13

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No: | 10-82973 -JAC |
| Case Name: | THOMPSON, SHERRY A. |
| Taxpayer ID No: | ********3651 |
| For Period Ending: | 01/22/14 |

| | |
|---|---|
| Trustee Name: | TAZEWELL T. SHEPARD, TRUSTEE |
| Bank Name: | Union Bank |
| Account Number / CD #: | ********8576 CHECKING ACCOUNT |
| Blanket Bond (per case limit): | $ 1,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 08/01/13 | 6 | CT Qualified Settlement Fund 501 Riverchase Parkway East, Suite 100 Hoover, AL 35244 | Check No. 0716 08/01/13 | 1249-000 | 34,465.17 | | 34,465.17 |
| 08/26/13 | 003001 | Clerk, U.S. Bankruptcy Court P.O. Box 2775 Decatur, Alabama 35602 | COURT COSTS - REOPEN FEE Per court order (Doc. No. 39) | 2700-000 | | 260.00 | 34,205.17 |
| 09/25/13 | | Union Bank | BANK SERVICE FEE | 2600-000 | | 42.93 | 34,162.24 |
| 10/25/13 | | Union Bank | BANK SERVICE FEE | 2600-000 | | 49.19 | 34,113.05 |
| 11/25/13 | | Union Bank | BANK SERVICE FEE | 2600-000 | | 50.76 | 34,062.29 |

|  |  |  |  |
|---|---|---|---|
| COLUMN TOTALS | | 34,465.17 | 402.88 |
| Less: Bank Transfers/CD's | | 0.00 | 0.00 |
| Subtotal | | 34,465.17 | 402.88 |
| Less: Payments to Debtors | | | 0.00 |
| Net | | 34,465.17 | 402.88 |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS CHECKING ACCOUNT - ********8576 | 34,465.17 | 402.88 | 34,062.29 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | |
| | 34,465.17 | 402.88 | 34,062.29 |
| | | | Total Funds On Hand |

Page Subtotals  34,465.17  402.88  34,062.29

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: January 22, 2014

Case Number: 10-82973
Debtor Name: THOMPSON, SHERRY A.

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000001 070 7100-00 | Huntsville Hospital c/o Waldrop & Associates, PC 7037 Old Madison Pike, Suite 450 Huntsville, Alabama 35806 | Unsecured | (1-1) medical services | $100.00 | $0.00 | $100.00 |
| 000002 070 7100-00 | Redstone Federal Credit Union 220 Wynn Drive Huntsville, AL 35893 | Unsecured | Acct: xx6900 | $629.28 | $0.00 | $629.28 |
| 000003 070 7100-00 | Johnson & Hayes % Holloway Credit Services PO Box 27 Huntsville, AL 35804 | Unsecured | Acct: xx2141 | $181.00 | $0.00 | $181.00 |
| 000004 070 7100-00 | Priority Lending 2051 Max Luther Drive Ste A Huntsville, AL 35810 | Unsecured | | $1,352.09 | $0.00 | $1,352.09 |
| 000005 070 7100-00 | CREDIT FIRST N A PO BOX 818011 CLEVELAND, OHIO 44181 | Unsecured | | $345.81 | $0.00 | $345.81 |
| 000006 080 7200-00 | LVNV Funding, LLC Resurgent Capital Services PO Box 10587 Greenville, SC 29603-0587 | Unsecured | Acct: xx8768 | $1,811.63 | $0.00 | $1,811.63 |
| 000007 080 7200-00 | eCAST Settlement Corporation P. O. Box 7247-6971 Philadelphia, PA 19170-6971 | Unsecured | Acct: xx8372 (Heilig Meyers/Fowlers) | $2,030.42 | $0.00 | $2,030.42 |
| 999 8200-00 | SHERRY A. THOMPSON 1700 LAVERNE DRIVE HUNTSVILLE, AL 35816 | Secured | | $21,927.04 | $0.00 | $21,927.04 |
| | Case Totals: | | | $28,377.27 | $0.00 | $28,377.27 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-82973
Case Name: THOMPSON, SHERRY A.
Trustee Name: TAZEWELL T. SHEPARD, TRUSTEE

Balance on hand $ 34,062.29

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: TAZEWELL T. SHEPARD, TRUSTEE | $ 5,164.43 | $ 0.00 | $ 5,164.43 |
| Trustee Expenses: TAZEWELL T. SHEPARD, TRUSTEE | $ 454.63 | $ 0.00 | $ 454.63 |

Total to be paid for chapter 7 administrative expenses $ 5,619.06

Remaining Balance $ 28,443.23

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

USBA Form 101-7-TFR (5/1/2011) *(Page: 6)*

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 2,608.18 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Huntsville Hospital | $ 100.00 | $ 0.00 | $ 100.00 |
| 000002 | Redstone Federal Credit Union | $ 629.28 | $ 0.00 | $ 629.28 |
| 000003 | Johnson & Hayes | $ 181.00 | $ 0.00 | $ 181.00 |
| 000004 | Priority Lending | $ 1,352.09 | $ 0.00 | $ 1,352.09 |
| 000005 | CREDIT FIRST N A | $ 345.81 | $ 0.00 | $ 345.81 |

Total to be paid to timely general unsecured creditors $ 2,608.18

Remaining Balance $ 25,835.05

Tardily filed claims of general (unsecured) creditors totaling $ 3,842.05 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 100.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000006 | LVNV Funding, LLC | $ 1,811.63 | $ 0.00 | $ 1,811.63 |
| 000007 | eCAST Settlement Corporation | $ 2,030.42 | $ 0.00 | $ 2,030.42 |

| | | |
|---|---|---|
| Total to be paid to tardy general unsecured creditors | $ | 3,842.05 |
| Remaining Balance | $ | 21,993.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 0.3 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 65.96 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 21,927.04 .